James E. Cecchi
John M. Agnello
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Joshua I. Schiller
Damien J. Marshall
Benjamin Margulis
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2300

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER LEONG, individually and on behalf of himself and all others similarly situated,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>CROWN NJ GAMING INC d/b/a DraftKings, and CROWN GAMING INC.,<br><br>*Defendants*. | Civil Action No.<br><br><br><u>**NOTICE OF REMOVAL**</u> |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441 and 1446, Defendants Crown NJ Gaming Inc. *d/b/a* DraftKings ("DraftKings") and Crown Gaming Inc. (hereinafter collectively the "Defendants") hereby remove this putative class action lawsuit from the Superior Court of New Jersey, Law

Division, Atlantic County (Docket Number ATL-L-000114-19)("State Court Action"), to the United States District Court for the District of New Jersey. As grounds for this removal Defendants state as follows:

1. **Background**: Plaintiff Christopher Leong filed the State Court Action purportedly on behalf of all "[a]ll persons or business entities who paid an entry fee to participate, or to sponsor another to participate, in [DraftKings' Sports Betting National Championship ("SBNC")]." Amended Complaint ("AC") ¶ 50. Plaintiff alleges that he and other contestants incurred monetary damages in connection with the SBNC that occurred in New Jersey from January 11, 2019 to January 13, 2019. *Id*. ¶¶ 10-48. Plaintiff alleges violations of the New Jersey Consumer Fraud Act, fraudulent inducement, negligent misrepresentation, and negligence. *Id*. ¶¶ 64-93. Plaintiff, on behalf of a putative class of other SBNC contestants, seeks, among other things, compensatory damages, statutory penalties, punitive damages, costs and attorney's fees, and pre- and post-judgment interest. *Id*. at 19-20.

2. **Timeliness**: Defendants entered into a stipulation with Plaintiff Christopher Leong whereby they accepted service of the Amended Complaint on April 10, 2019. This removal notice is, therefore, timely under 28 U.S.C. § 1446(b)(3).

3. **Defendants' Citizenship**: Defendant Crown NJ Gaming Inc. *d/b/a* DraftKings is a Delaware corporation with its principal place of business in New Jersey, both when Plaintiff filed the State Court Action and at the time of removal to federal court. Defendant Crown Gaming Inc. is a Delaware corporation with its principal place of business in Massachusetts both when Plaintiff filed the State Court Action and at the time of removal to federal court. For the purposes of diversity citizenship, a corporation is "deemed to be a citizen" only of states in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Upon

information and belief, no defendant other than Crown NJ Gaming Inc. and Crown Gaming Inc. has been named, joined, or served in this action.

4.  **Plaintiff's Citizenship**: Plaintiff states that at all times relevant hereto he resided in the State of New York. AC ¶ 5. Therefore, Plaintiff is a citizen of the State of New York, both when Plaintiff filed the State Court Action and at the time of filing this Notice of Removal.

5.  **CAFA, 28 U.S.C. § 1332(d)**: This Court has subject matter jurisdiction over this action and all claims asserted therein pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Under CAFA, federal courts have original jurisdiction over class actions where **the amount in controversy exceeds $5 million in the aggregate** for the entire class, exclusive of interest and costs; the putative class action contains **at least 100 members**; and any member of the putative class is **a citizen of a state** different from that of any defendant. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B) and (d)(6). Because this Court has subject matter jurisdiction over this action, removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453.

6.  **Diversity**: CAFA's diversity requirement is satisfied in this putative class action because one or more "member[s] of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff is the only named representative and is a citizen of New York. Defendants are citizens of New Jersey, Massachusetts, and Delaware.

7.  **Amount in Controversy**: Although Defendants dispute Plaintiff's allegations[1] – and reserve all rights – after reviewing the allegations in the Amended Complaint for the limited purpose of determining jurisdiction under CAFA, the value of the damages and relief sought makes removal of this action proper under CAFA. CAFA's amount-in-controversy requirement is

---

[1] For example, and among other things, Defendants deny any liability for wrongdoing and believe that this case is not appropriate for class certification.

satisfied because "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Where the plaintiff has not plead a specific amount of damages, "the removing party must show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands." *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (internal citation omitted). Where a complaint is "silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy, a defendant's notice of removal then serves the same function as the complaint would in a suit filed in federal court." *Id*. (internal citation omitted). In calculating the potential amount in controversy, courts include compensatory damages, punitive damages, and attorney's fees. *See Frederico v. Home Depot*, 507 F.3d 188, 198-99 (3d Cir. 2007). Here, as alleged, Plaintiff's broad claims, requests for relief, and putative class suffice to meet the necessary jurisdictional requirements for removal. *See* AC ¶ 52 ("there were 192 persons who participated in the SBNC and potentially more who may have helped pay the entry fee"); *id.* at 19-20 (seeking compensatory damages including but not limited to a refund of the $10,000 entry fee, treble damages, and punitive damages).

8. "In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum and value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Here, the aggregated value of the monetary relief sought by Plaintiff exceeds the sum or value of $5,000,000, exclusive of interest and costs.

9. In the Amended Complaint, Plaintiff seeks to certify a class of at least 192 individuals and alleges that each individual is entitled to a refund of $10,000 in damages, to be trebled to $30,000 per class member. Thus, Plaintiff alleges damages of at least $5,760,000 ($30,000 x 192) on the face of the Amended Complaint. Plaintiff also seeks $334,000 in punitive

damages among other damages. As a result, therefore, plaintiff clearly alleges and seeks a sum or value of damages in excess of the $5,000,000 threshold amount.

10.     The number of members of the putative class in the aggregate is greater than 100. See 28 U.S.C. § 1332(d)(5)(B). Here, the Complaint alleges that there are "192 persons who participated in the SBNC and potentially more who may have helped pay the entry fee" and that "the members of the Class for whose benefit this action is being brought are so numerous that the joinder of all members is impracticable." AC ¶¶ 51-52.

11.     Defendants reserve the right to amend this Notice of Removal to assert additional bases for federal jurisdiction. In addition, if the Court questions, whether the allegations in this Notice of Removal suffice to invoke federal jurisdiction, Defendants reserve the right to submit evidence and argument to the Court establishing that the jurisdictional requirements are met. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Plaintiff, through counsel, has represented to Defendants that he will not oppose Defendants' removal.

12.     Removal to this judicial district is proper because they "embrac[e]" Atlantic County, the "place where [this] action is pending." 28 U.S.C. § 1441(a).

13.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Atlantic County and will be served on all parties. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

14.     The following Exhibits attached to this Notice of Removal are true and correct copies of the process, pleadings, and other papers that have been served on Defendant in this action:

    a.     Exhibit A: Amended Complaint

      b.      Exhibit B: Stipulation Accepting Service

      c.      Exhibit C: Original Civil Case Cover Sheet (State Court)

      d.      Exhibit D: Track Assignment Notice

**WHEREFORE**, Defendants hereby remove this action, now pending in in the Superior Court of New Jersey Law Division, Atlantic County, Docket Number ATL-L-000114-19, to the United States District Court for the District of New Jersey.

                CARELLA, BYRNE, CECCHI,
                OLSTEIN, BRODY & AGNELLO, P.C.
                Attorneys for Defendants

                By:   /s/ James E. Cecchi
                        JAMES E. CECCHI

Dated: May 10, 2019

Joshua I. Schiller
Damien J. Marshall
Benjamin Margulis
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2300