**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER LEONG, | ) |
| | ) |
| Plaintiff, | ) Case No. 19-cv-12424-JHR-JS |
| | ) |
| v. | ) |
| | ) |
| CROWN NJ GAMING INC. d/b/a DraftKings and CROWN GAMING INC., | ) ) ) |
| | ) |
| Defendants. | |

**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT
AND RELATED RELIEF AND FINAL JUDGMENT**

AND NOW, this 16th day of, September 2020, upon consideration of Plaintiff's Motion to Grant Final Approval of Proposed Class Action Settlement and the supporting papers, Class Counsel's Petition for Attorneys' Fees and Costs and Incentive Award for Named Plaintiff, and for any responses thereof or objections to the proposed class action settlement, following a fairness hearing on September 16, 2020, it is hereby ORDERED and ADJUDGED as follows:

1. All capitalized terms used herein shall have the meaning set forth in the Settlement Agreement between the Parties [Dkt. Entry 27-3].

2. This Court has personal jurisdiction over all of the Settlement Class Members because they received the best practicable notice of the Settlement, which notice was reasonable and calculated, under the circumstances, to apprise interested parties of the pendency of the Action and the terms of the Settlement, and to afford such parties an opportunity to present their objections or to request exclusion from the Settlement. The Court also has jurisdiction over Crown NJ Gaming Inc. and Crown Gaming Inc. (collectively, "Crown"), and over the Plaintiff,

1

as they have personally appeared in the Action pending before this Court. The Court has subject matter over the Action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d).

3.  For purposes of effectuating the Settlement, and in accordance with Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court certifies the Settlement Class defined as: "all persons residing in the United States who paid an entry fee to participate in the SBNC."

4.  For the purposes of effectuating the Settlement, this action satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23(a) and (b)(3).

   a. Numerosity: In the Action, the parties have determined that 158 individuals are members of the proposed Settlement Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. See, e.g., Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001) ("No minimum number of plaintiffs is required to maintain a suit as class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met.").

   b. Commonality: The threshold for commonality under Rule 23(a)(2) is not high. See In re Chiang, 385 F.3d 256, 265 (3d Cir. 2004) (concluding that Rule 23(a)(2) commonality requirement "is not a high bar"); Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994) ("Because the [commonality] requirement may be satisfied by a single common issue, it is easily met…."). In the present matter, the commonality requirement has been met because all proposed Settlement Class Members share multiple questions of law and fact stemming from their participation in the SBNC

hosted by Crown, and their reliance on the same alleged misrepresentations concerning said tournament.

c. <u>Typicality</u>: The Plaintiff's claims are typical of the Settlement Class for purposes of the Settlement because his claims concern the same alleged misrepresentations and negligent actions by Crown in regards to the SBNC, and his claims arise from the same legal theories, and allege the same type of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. <u>See</u> <u>Marcus v. BMW of N. Am.</u>, 687 F.3d 583, 598 (3d Cir. 2012) ("If a plaintiff's claim arises from the same event, practice or course of conduct that gives rise to the claims of the class members, factual differences will not render that claim atypical if it is based on the same legal theory as the claims of the class.").

d. <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) the presence of competent counsel to represent the class; and (2) the absence of any actual conflict of interest between the representative plaintiff and other class members. <u>Bogosian v. Gulf Oil Corp.</u>, 561 F.2d 434, 449 (3d Cir. 1977), <u>cert. denied</u> 434 U.S. 1086 (1978). In this matter, Rule 23(a)(4) is satisfied because Plaintiff has retained competent and experienced counsel who has vigorously represented Plaintiff and the Settlement Class. Class Counsel includes a leading expert on gaming law and an experienced litigator in Federal Court. In addition, Plaintiff has no conflicts of interest with other class members.

    e. <u>Predominance and Superiority</u>: Under Rule 23(b)(3), two requirements must be satisfied: (1) "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The "predominance" requirement focuses on the question of whether the defendant's alleged conduct constituted a "common course of conduct" as to "all of the class members." <u>Sullivan v. SB Invs., Inc.</u>, 667 F.3d 273, 298, 300 (3d Cir. 2010). This matter involves a common course of alleged conduct by Crown in connection with the SBNC in which plaintiff alleges that Crown misrepresented key information related to said tournament. Class action is also superior to other methods in this matter because individual damages are often too small and this matter avoids inconsistent resolutions in potentially multiple jurisdictions.

5. The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by the class representative.

6. The settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate to the members of the Class in light of the complexity, expense, risk of proceeding in litigation and in establishing liability and damages, risk in maintaining the class action through trial and appeal, and the likely duration of litigation and any appeal.

7. The Action is hereby dismissed with prejudice, each side to bear its own fees and costs, except as otherwise provided in this Final Approval Order. The Action is defined in the

Settlement Agreement as "the lawsuit captioned *Leong, et al. v. Crown NJ Gaming Inc. d/b/a DraftKings and Crown Gaming Inc.*, Case No. 1:19-cv-12424-JHR-JS, in the United States District Court, District of New Jersey, Camden Division."

8. Without limiting the scope of Section VII of the Settlement Agreement, as of the Effective Date, Plaintiff and each Settlement Class Member (who did not timely comply with the opt out procedures set forth in the Settlement) shall be considered Releasing Persons who are releasing the Released Claims in favor of the Released Persons. Without limiting Section VII.E of the Settlement Agreement, as of the Effective Date, Plaintiff and each Settlement Class Member shall further automatically be deemed to have waived and released any and all provisions, rights, and benefits conferred by §1542 of the California Civil Code or similar laws of any other state or jurisdiction. Section 1542 of the California Civil Code reads: "§1542. Certain claims not affected by general release. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with debtor."

9. Pursuant to the Settlement Agreement, the Releasing Persons hereby release and forever discharge the Released Persons from the Released Claims, and stipulate and agree that they and the Settlement Class shall be deemed to be forever barred from initiating, asserting, and/or prosecuting any Release Claims against any Released Person in any court or other forum.

10. Each and every Settlement Class Member and all successors in interest shall be permanently enjoined and forever barred from prosecuting any and all Released Claims against the Released Persons.

11. Notwithstanding the discovery of the existence of facts in addition to or different from those the Parties believe to be true with respect to the subject matter of the Settlement Agreement, if known, would materially affect her, his, or its decision to enter into the Settlement Agreement, the releases shall be and remain in effect as a full, final, and complete release to the Released Claims, and that no Party shall be entitled to modify or set aside the Settlement Agreement, either in whole or in part, by reason thereof.

12. The Parties to the Settlement Agreement submit to, and this Court expressly reserves and retains, exclusive jurisdiction over the Action and the Parties, including Crown, Plaintiff, and all Settlement Class Members, including all Objectors, to administer, implement, supervise, construe, enforce, and perform the Settlement Agreement in accordance with its terms, and to enforce the Final Approval Order. The Court shall also retain jurisdiction over all questions and disputes related to the Notice Program and the Settlement Administrator.

13. Nothing in the Settlement Agreement, or this Final Approval Order and Judgment shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgement or admission by Crown or any party of any fault, liability, or wrongdoing of any kind whatsoever or any violation of statute, regulation, or law.

14. Plaintiffs and all Settlement Class Members, including all Objectors, are hereby banned and enjoined from asserting any of the Released Claims, including, but without limitation, during any appeals from this Final Approval Order and Judgment.

15. Plaintiff's Motion to Grant Final Approval of Proposed Class Action Settlement is GRANTED.

16.     The Action is DISMISSED WITH PREJUDICE and the Class Member claims are deemed released pursuant to the Settlement Agreement.

17.     Class Counsel's Petition for Attorneys' Fees and Costs and Incentive Award for Named Plaintiff is GRANTED. An award of $66,288.00 in attorneys' fees and costs to Class Counsel is APPROVED and is to be paid in accordance with the terms of the Settlement Agreement.

18.     The request for an incentive award of $7,000 to the named Plaintiff Christopher Leong is APPROVED and is to be paid in accordance with the terms of the Settlement Agreement.

SO ORDERED.

/s/ Joseph H. Rodriguez
_____
**JOSEPH RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**
**DISTRICT OF NEW JERSEY**